UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**TRI-STATE THERMO KING, INC.,**

    **Plaintiff,**

Vs.                                                              Case No.: 2:25-cv-2760

**DEPOSITORS INSURANCE COMPANY,**

    **Defendant.**

---

### DEFENDANT'S ANSWER TO PETITION FOR APPOINTMENT OF UMPIRE

---

Comes now Defendant Depositors Insurance Company and for answer to Plaintiff's Petition for Appointment of Umpire states:

### INTRODUCTION

The matter arises out of an insurance claim involving a date of loss of February 16, 2021 for which Defendant assigned claim number 718911GL. Shortly after the submission of this claim by Plaintiff, another claim was submitted to Defendant by Plaintiff with a date of loss of February 6, 2022 which was assigned claim number 923239-GM. Plaintiff demanded appraisal in the first claim which was pending at the time the second claim arose. The second claim involved the same property and had potentially overlapping damages. During the pendency of the first claim, the parties appointed appraisers and the appraisers selected an umpire at which time the appraisal process stalled. In the midst of the first claim, when appraisal was demanded in the second claim, the parties selected their appraisers but could not agree on an umpire. As such,

38201-222652 (JDS)

Defendant Depositors petitioned the Circuit Court of Shelby County Tennessee for appointment of an umpire. The court, by order of May 23, 2024, appointed Judge Butch Childers as the umpire for the second claim. The first claim was not before that court and an umpire was not appointed for the first claim at that time. The appraisal process in the second claim is complete with payment of the appraisal award by Defendant. Plaintiff Thermo-King now seeks appointment of an umpire for the first claim. With that introduction, Defendant answers Plaintiff's Petition as follows:

1. The allegations of paragraph 1 are admitted upon information and belief.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are denied.

4. The allegations of paragraph 4 are denied.

5. The allegations of paragraph 5 are admitted.

6. The allegations of paragraph 6 are admitted upon information and belief.

7. The allegations of paragraph 7 are admitted to the extent that a policy was issued. These allegations are denied to the extent that they contradict the terms of the insurance contract.

8. The allegations of paragraph 8 are denied to the extent that they contradict the terms of the insurance contract.

9. The allegations of paragraph 9 are admitted.

10. The allegations of paragraph 10 are admitted in part and denied in part. It is admitted that a claim was reported for weather related damages occurring on February 16, 2021. The remaining allegations are denied.

11. The allegations of paragraph 11 are admitted upon information and belief.

38201-222652 (JDS)

12. The allegations of paragraph 12 are admitted.

13. The allegations of paragraph 13 are admitted in part and denied in part. It is admitted that the referenced claim number was assigned to the reported loss. The remaining allegations are denied.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are admitted.

16. The allegations of paragraph 16 are admitted only to the extent that Defendant admits that some portions of the claim may be covered by the policy. Defendant denies that all claimed damages are covered by the policy and reserves the right to deny coverage in response to any appraisal award that may be granted as a result of this litigation.

17. The allegations of paragraph 17 are admitted to the extent that Plaintiff did not agree with Defendant's scope of loss. All remaining allegations are denied.

18. The allegations of paragraph 18 are admitted in part and denied in part. It is admitted that appraisal was demanded by Plaintiff and Plaintiff named its appraiser. The remaining allegations are denied.

19. The allegations of paragraph 19 are admitted in part and denied in part. It is admitted that Defendant agreed to participate in appraisal. It is denied that such agreement was without limitations. It is admitted that Defendant named Paul Vitolins as its appraiser.

20. The allegations of paragraph 20, first sentence are admitted. The second sentence and exhibit are admitted to the extent that they conform to the exhibit and denied otherwise.

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are admitted to the extent that Plaintiff designated Ben Perry as its appraiser. The remaining allegations are denied.

23. The allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 are denied to the extent that they contradict the terms of the policy.

27. In response to paragraph 27, Defendant incorporates its introduction and responses herein.

28. The allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 are denied. More than three years have elapsed since appraisal was demanded due in total to Plaintiff's continued firing and replacement of its appraisers in an attempt to dislodge the umpire agreed upon by the parties.

30. The allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are denied.

32. The allegations of paragraph 32 are denied.

33. In response to the last unnumbered paragraph of the Petition, Defendant denies plaintiff is entitled to relief requested.

34. Any allegation not heretofore admitted, denied or otherwise controverted is hereby denied.

## FIRST DEFENSE

Defendant pleads as an affirmative defense Plaintiff's failure to state a claim upon which relief may be granted. Plaintiff has produced no facts or evidence sufficient to set aside the appointed umpire in this matter.

## SECOND DEFENSE

Defendant states that, in the alternative, this Court should appoint Judge Butch Childers as the umpire regarding this claim given his familiarity with the parties and the property though his work as the umpire in the second claim as set forth in the introduction above.

## THIRD DEFENSE

Defendant states as a defense that public policy should not allow one party to unilaterally disrupt the appraisal process, and unseat an agreed upon umpire, by that party's sole decision to replace their appraiser during the process.

## FOURTH DEFENSE

Defendant states as a defense the doctrine of laches. Specifically, Plaintiff created the delay in the appraisal process of this claim by repeatedly replacing their appraiser and seeking by such action to set aside a properly named umpire through "conflicts of interest" that have nothing to do with the actual qualifications of the umpire. The delay caused by Plaintiff should result in the original umpire being retained and the appraisal process moving forward. In the alternative, the Court should appoint Judge Butch Childers as umpire for the claim at issue given his familiarity with the parties and the property (which would reduce the likelihood of additional litigation over any award that includes damages for which Plaintiff was compensated out of the other appraisal award).

## FIFTH DEFENSE

Defendant requests that this Court appoint an umpire for the claim at issue, and specifically that the Court name Judge Butch Childers as the umpire for the appraisal process. In support of its request, Defendant notes that Judge Childers is familiar with the property at issue, the parties at issue, and can prevent unnecessary additional litigation through that familiarity reducing the likelihood of overlapping appraisal awards.

WHEREFORE, having fully answered, Defendant requests that this Court appoint an umpire for the claim at issue, assessed costs against Plaintiff, and subsequently dismiss this action with prejudice.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, PLC

By: _____/s/ Jonathan D. Stewart_____
JONATHAN D. STEWART (#23039)
**Attorneys for Defendant**
Republic Centre
633 Chestnut Street, Suite 330
Chattanooga, Tennessee 37450
Phone: (423) 541-9260
jstewart@raineykizer.com

38201-222652 (JDS)

# **CERTIFICATE OF SERVICE**

  This is to certify that, on the 29th day of September, 2025, a true and correct copy of the foregoing document has been served in the manner of service indicated on the counsel of record listed below:

☐   By U.S. Mail, properly addressed and first-class postage prepaid

☐   By facsimile

☒   By operation of the Court's electronic filing system

☐   By email in Adobe PDF format

☐   By hand delivery

☐   By email as previously agreed by counsel

☐   By third party express delivery carrier, i.e., Federal Express, for overnight delivery

Tania Williams, Esq.
Florida Bar No. 599425
INSURANCE LITIGATION GROUP, P.A.
1500 NE 162nd Street
Miami, Florida 33162
Telephone: (786) 529-0090
Facsimile: (866) 239-9520
Email: twilliams@ilgpa.com
service@ilgpa.com
*Attorney for Plaintiff*
*Tri-State Thermo King, Inc.*

          ___*/s/ Jonathan D. Stewart*____
          Jonathan D. Stewart